# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEWAYE SHENKORU DELESSIE<br>12630 Veirs Mill Road, Apt. 1405<br>Rockville, MD 20853<br><br>    Plaintiff<br><br>    v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>  2707 Martin Luther King Jr. Ave, SE<br>  Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br><br><br>    Defendant(s). | Civil Action No 1:22-cv-1057 |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR WRIT IN THE NATURE OF
## MANDAMUS, VIOLATION OF THE APA, AND PETITION FOR NATURALIZATION
## UNDER 8 USC §1447(b)

Hashim G. Jeelani, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: hashim@jeelani-law.com.

**INTRODUCTION**

COMES NOW SHEWAYE SHENKORU DELESSI (hereinafter "DELESSIE" or "Plaintiff") by and through the undersigned attorney, in the above cause, and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff DELESSIE's Form N-400, Application for Naturalization, ("Application") within a reasonable period of time. The Application has been in pending status for a period of over seven years and four months. The Plaintiff has a clear right to adjudication of her Application in a timely manner. The INA requires USCIS to decide an application within 120 days of a naturalization examination. 8 U.S.C.A. § 1447(b). At the time of this filing, it has been 2506 days since the Plaintiff's initial examination was held.

2. USCIS has published a historical average processing time in 2014 of 4.9 months for the adjudication of Form N-400, Application for Naturalization. Plaintiff's Application have been pending for over 82 months, which is over sixteen and a half times the historical average processing time as reported by USCIS.[1]

3. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

5. This action is additionally brought before this Court to exercise its jurisdiction over the Application, and make a decision on the same, under 8 U.S.C.A. § 1447(b) as a period of over 120

---

[1] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

days has elapsed since the Plaintiff's naturalization examination and no decision has been made by the Defendants.

6. Further, the delay in making a decision on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

7. Respondents cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already been complied with pre-pandemic; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

8. Plaintiff DELESSIE is a resident of Montgomery County, Maryland, and a Permanent Resident of the U.S. She is the Applicant in a properly filed Form N-400, Application for Naturalization [case# NBC05517927] with United States Citizenship and Immigration Services (hereinafter "USCIS").

9. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

10. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

11. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of

Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

13. Additionally, this Court has jurisdiction under 8 U.S.C.A. § 1447(b) as a period of 120 days has elapsed since the Plaintiff's naturalization examination and no decision has been made.

14. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

15. The Plaintiff has repeatedly requested the Defendants to make a final decision on the Application.  Further, Plaintiff has initiated numerous inquiries with USCIS directly.

16. The Plaintiff has exhausted her administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for approval of his Application.

17. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

18. On December 9, 2014, Plaintiff properly filed Form N-400, Application for Naturalization with the United States Citizenship and Immigration Service ("USCIS").

19. On June 3, 2015, Plaintiff completed an interview with a USCIS officer at the USCIS Baltimore, MD Field Office. **[EXHIBIT A].**

20. After completion of the interview on June 3, 2015, Plaintiff then received a Notice of Continuance on February 13, 2019, which was issued 1351 days later, exceeding the 120 days required for USCIS to make a decision as stipulated under the INA. **[EXHIBIT B].**

21. Plaintiff responded to the Notice of Continuance within the required time frame and USCIS received the requested evidence on March 8, 2019.

22. Plaintiff has made numerous inquiries since June 3, 2015, with USCIS and has requested adjudication of her filing.

23. Plaintiff's inquiries have not resulted in any meaningful response from USCIS any indication as to when a decision will be made.

24. Plaintiff's Application now continues to be pending with USCIS for over seven years and four months

25. The INA requires USCIS to decide an application within 120 days of an examination being conducted. 8 U.S.C.A. § 1447(b).

26. Defendants have refused to provide further explanation which would merit the need for withholding adjudication on Plaintiff's case for over 2506 days since her initial examination.

27. Plaintiff has endured significant financial burdens as a result of the unreasonable period of time that her Application has been pending. Despite showing that she merits approval of her Application, Plaintiff has, without any legitimate and lawful reason, been deprived of the rights and benefits that are afforded to citizens of the United States upon naturalization.

## COUNT I

### VIOLATION OF THE APA- FORM N-400

28. All prior paragraphs are re-alleged as if fully stated herein.

29. Plaintiff has a statutory right to apply for and receive an adjudication of her Application pursuant to 8 U.S.C. § 1446 and § 1447(b).

30. Defendants have a duty to adjudicate Plaintiff's Application within a reasonable period of time under 5 U.S.C. §555(b).

31. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

32. Defendants have conducted the significant investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

33. Given the Defendants' lack of a reason for not making a decision on Plaintiff's Application within 120 days of the interview, Plaintiff's Application has necessarily been pending for an unreasonably long period of time.

34. A period of 2506 days has elapsed since the Plaintiff was subjected to her initial examination.

35. USCIS has published a historical average processing time in 2014 of 4.9 months for the adjudication of Form N-400, Application for Naturalization. Plaintiff's Applications have been pending for over 82 months, which is over sixteen and a half times the historical average processing time as reported by USCIS.[2]

36. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

37. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on DELESSIE's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to DELESSIE's case.

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

38. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff's Application, thereby depriving Plaintiff of the rights to which she is entitled.

39. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff has been denied her right to become a citizen of the United States and enjoy the benefits thereof.

## COUNT II

### 8 USCA § 1447(b) – JURISDICTION OF THIS COURT OVER APPLICATION

40. All prior paragraphs are re-alleged as if fully stated herein.

41. The INA requires USCIS to decide an application within 120 days of an interview being provided. 8 U.S.C.A. § 1447(b).

42. A period of over 82 months have passed since the Plaintiff's initial examination.

43. The government action in this matter constitutes a violation of its responsibility to decide Plaintiffs' citizenship applications in a timely and efficient manner and within the prescribed 120 days after the examination of the Plaintiff. 8 U.S.C.A. § 1447(b).

44. With the filing of the instant petition, this Court has jurisdiction over the Application.

45. Plaintiff requests this Court to provide a hearing to adjudicate the Application or, in the alternative, for the court to review the record of the administrative agency and grant citizenship to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

    1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court remove jurisdiction from Defendants to exercise its own jurisdiction over the Plaintiff's Application and adjudicate the same.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: April 14, 2022
Respectfully submitted,

   /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(248) 714-4312**
*Counsel for Plaintiffs*